UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAKEERAH IMANI FREDERICKS,

                      Plaintiff,

            -v.-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                      Defendant.

24 Civ. 1112 (KPF)

**ORDER OF SERVICE**

---

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-213, the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101-31, alleging that her employer discriminated against her based on her disability. By order dated February 15, 2024 (Dkt. #4), the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant New York City Department of Education through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for New York City Department of Education, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is further directed to mail and email an information package and a copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated:  March 12, 2024
        New York, New York

KATHERINE POLK FAILLA
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York City Department of Education
Tweed Courthouse
52 Chambers Street
New York, NY 10007